

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2008

# Ronald Clark v. Jeffrey Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1395

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ronald Clark v. Jeffrey Beard" (2008). *2008 Decisions.* Paper 856.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/856

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-214                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1395
_____

RONALD CLARK,

Appellant

v.

JEFFREY BEARD, Secretary; LOUIS FOLINO, Superintendent;
LYNNE M. ABRAHAM, District Attorney

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-cv-01274)
District Judge: Honorable Joy Flowers Conti

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 30, 2008

Before: BARRY, CHAGARES and ROTH, <u>CIRCUIT JUDGES</u>.

(Opinion filed: July 10, 2008)
_____

OPINION
_____

PER CURIAM

Ronald Clark appeals the District Court's order dismissing his complaint. For the

reasons below, we will summarily affirm the District Court's order.

The procedural history of this case and the details of Clark's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Clark alleged that he was entitled to injunctive relief and damages because he was housed on death row after he was granted a new sentencing hearing. The Magistrate Judge recommended that appellees' motion to dismiss be granted. The District Court adopted the Report and Recommendation and dismissed the complaint. Clark filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

The District Court determined that it lacked jurisdiction over Clark's complaint pursuant to the Rooker-Feldman doctrine. Our review of the District Court's application of the Rooker-Feldman doctrine is plenary. Parkview Assoc. Partnership v. City of Lebanon, 225 F.3d 321, 323 (3d Cir. 2000). The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); In re Knapper, 407 F.3d 573 (3d Cir. 2005). The Supreme Court has explained that this doctrine is narrow and confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, Clark litigated in state court the question of whether he is entitled to be moved off of death row pending his re-sentencing. The Court of Common Pleas of Greene County held that Clark did not have a protected liberty interest in being housed elsewhere and dismissed the complaint. On appeal, the Commonwealth Court affirmed. Clark v. Beard, 918 A.2d 155 (Pa. Cmmw. Ct. 2007). The Court held that the complaint did not state a claim under the Eighth Amendment or the due process clause of the Fourteenth Amendment. While Clark clearly lost in state court, the injuries he complains of here were not caused by the state court judgment but rather by the Department of Corrections's policy. "[A] district court is not divested of jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). Thus, the District Court erred in concluding that Clark's claims were barred by the Rooker-Feldman doctrine.

However, we agree with the District Court that Clark's claims are barred by claim and issue preclusion. Clark either brought or could have brought his claims in the state court proceedings. He sought the same relief in state court based on the same facts, and the state court issued a final and valid judgment on the merits of his claims. See Turner, 449 F.3d at 548-50.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by

3

the District Court, we will summarily affirm the District Court's order.  <u>See</u> Third Circuit

I.O.P. 10.6.